IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER N. CUMMINGS, on behalf of himself and all others similarly situated, <br>     Plaintiffs, <br><br> v. <br><br> JORGE'S TIRE REPAIR, LLC and JORGE SAMUDIO. <br><br>     Defendants. | CIVIL ACTION FILE NO. <br><br> COLLECTIVE ACTION COMPLAINT <br><br> For Violations of the Fair Labor Standards Act of 1938, As Amended <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, Christopher Cummings ("Cummings"), by and through his undersigned counsel, and files this Complaint on behalf of himself and all others similarly situated against the Defendants Jorge's Tire Repair, LLC and Jorge Samudio. pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the overtime provisions of the Act by Defendants which

have deprived the named Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful overtime wages.

2. Other current and former employees of Defendants are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b). Plaintiff's consent form is attached hereto as "Exhibit 1."

3. This action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees of Defendants who are similarly situated to the Plaintiff, pursuant to the FLSA. The Plaintiffs and the collective group similarly situated are or have been employed by Defendants, working as mechanics at Jorge's Tire Repair, LLC.

4. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate their mechanics for overtime rate for hours worked in excess of 40 hours in a given workweek by misclassifying them as salaried employees.

5. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages to compensate them for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II.  JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants maintain their principal places of business within this District.

## III.  PARTIES

8. Plaintiff CHRISTOPHER CUMMINGS resides in Fort Valley, Georgia (within this District) and is a citizen of the United States.  Cummings was employed by the Defendant as a mechanic.  He regularly worked for Defendant within this District.

9. At all times material to this action, the named Plaintiff and all members of the collective action are and/or were "employees" of Defendant as defined by

§ 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by § 206 and § 207 of the FLSA for the period in which they were employed by Defendants. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

10. Defendant JORGE'S TIRE REPAIR, LLC is a corporation based in Warner Robins, Georgia which conducts business within this State and District and maintains its principal place of business at 1208 Watson Blvd., Warner Robins, GA 31093. JORGE'S TIRE REPAIR, LLC owns and operates a business specializing in providing tire repair and new and used tires to their customers.

11. JORGE'S TIRE REPAIR, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Carol Samudio, located at 1208 Watson Blvd, Warner Robins, GA 31093.

12. Defendant JORGE SAMUDIO was and is an owner and operator of Jorge Tire Repair, LLC during the applicable statute of limitations. Samudio was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Samudio runs the day-to-day operations of Jorge Tire Repair, LLC. Samudio makes

the operative decisions at Jorge Tire Repair, LLC, including its employees' compensation.

13. Defendants maintain either actual or constructive control, oversight and direction over the operation of their employees, including the practices of those employees.

14. At all times material to this action, Defendant Jorge Tire Repair, LLC was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Jorge Tire Repair, LLC specializes in providing materials (tires) manufactured outside of the State of Georgia onto goods of their customers (vehicles) that were manufactured outside of the State of Georgia. Jorge Tire Repair, LLC utilizes bank accounts with banking entities which transact business outside the State of Georgia. Jorge Tire Repair, LLC utilizes tools manufactured outside the state of Georgia for the benefit of Jorge Tire Repair, LLC's clients. Jorge Tire Repair, LLC utilizes technology, such as computers and telephones, which were manufactured outside the state of Georgia. Jorge Tire Repair, LLC utilizes a number of products in its principal office that were manufactured outside of the state of Georgia, such as computers and telephones. At all times material to this action, Jorge Tire Repair, LLC has had an annual gross volume of business which exceeded $500,000.00.

15. At all times material to this action, Defendants were "employers" of the named Plaintiff and/or others similarly situated, as defined by § 203(d) of the FLSA.

16. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

### IV.  VIOLATIONS OF THE FLSA

17. Defendants employed Plaintiff other similarly situated employees as mechanics.

18. Plaintiff's was scheduled to work from 8:00 a.m. to 6:00 p.m., Monday through Friday, and 8:00 a.m. to 4:00 p.m. on Saturdays, or 58 hours per week. Mr. Cummings did not receive any compensation for the 18 hours of overtime he worked during the following weeks within the applicable statute of limitations: 6/23/18, 6/30/18, 8/6/18, 8/13/18, 8/20/18, 8/27/18, 9/3/18, 9/10/18, 9/17/18, 9/24/18, 10/1/18, 10/8/18, 10/15/18, 10/22/18, 10/29/18, 11/5/18, 11/12/18, 11/19/18, 11/26/18, 12/3/18, 12/10/18, 12/17/18, 12/31/18, 1/7/19, 1/14/19, 1/21/19, 1/28/19, 2/4/19, 2/11/19, 2/18/19, 2/25/19, 3/4/19, 3/11/19, 3/18/19, 3/25/19, 4/1/19, 4/8/19, 4/15/19, 4/22/19, 4/29/19, 5/6/19, 5/13/19, 5/20/19, 5/27/19, 6/3/19, 6/10/19, 6/17/19, 6/24/19, 7/1/19, 7/8/19, 7/15/19, 7/22/19, 7/29/19, 8/5/19, 8/12/19, 8/19/19, 8/26/19, 9/2/19, 9/9/19, 9/16/19, 9/23/19, 9/30/19, 10/7/19, 10/14/19, 10/21/19, 10/28/19, 11/4/19,

11/11/19, 11/18/19, 11/25/19, 12/2/19, 12/9/19, 12/16/19, 12/23/19, 12/30/19, 1/6/20, 1/13/20, 1/20/20, and 1/27/20.

19. Plaintiff Cummings seeks unpaid overtime compensation for 18 hours per week at his normal hourly rate of $11.60 per hour.  Specifically, Plaintiff Cummings seeks twenty-three thousand two hundred eighty-one dollars and fifty cents ($23,281.50) (18[hours] X $11.00 [per hour] X 1.5 [overtime rate] X 83 [weeks]) in unpaid overtime compensation.  Plaintiff Cummings seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of forty-six thousand five hundred sixty-three dollars and zero cents ($46,563.00), plus attorney's fees and costs.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

   A.  That, at the earliest possible time, they be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by

Defendants within the United States who were deprived of overtime compensation. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendants for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years or if Defendants otherwise deprived them of compensation related to expenses incurred on Defendant's behalf or for all hours worked at the regular rate of pay.

B. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendant unlawfully used instead as personal capital or working capital of the business.

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded the costs and expenses of this action; and

F.  That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.[1]

Respectfully submitted this 25th day of June, 2021.

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff

---

[1] A Civil Action Cover Sheet is attached hereto as "Exhibit 2," and a Summons for each defendant is attached as "Exhibit 3," and "Exhibit 4."