IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER N. CUMMINGS,  )<br>on behalf of himself and all  )<br>others similarly situated,  )<br>  )<br>　Plaintiffs,  )<br>  )<br>JORGE'S TIRE REPAIR, LLC and  )<br>JORGE SAMUDIO.  )<br>  )<br>　Defendants.  ) | CIVIL ACTION FILE NO.<br>5:21-CV-00212-MTT |

## SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on September 23, 2021. In accordance with Local Rule 26, the parties to this action conferred and developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I. Nature of the Case:**

(a)　Describe briefly the nature of this action.

Plaintiff Christopher Cummings filed the instant Complaint on June 25, 2021, on behalf of himself and all other similarly-situated mechanics employed by Defendants, alleging violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*("FLSA"). Specifically, Plaintiff claims that Defendants' compensation structure violates the overtime provisions of the FLSA,

depriving him and all similarly situated mechanics of overtime for every hour worked over 40 in a particular workweek. Defendants deny they have violated the Fair Labor Standards Act.

The legal issues to be tried are as follows:

1. Whether Plaintiff and similarly-situated mechanics were unlawfully denied straight and overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

2. Whether Jorge Samudio was Plaintiff's employer.

**II. Counsel of Record:**

The following individually-named attorneys are designated lead counsel for the parties:

**For Plaintiff:**

Tyler B. Kaspers
The Kaspers Firm, LLC
152 New Street, Suite 109B
Macon, Georgia  31201
(404) 944-3128
tyler@kaspersfirm.com

**For Defendant:**

Whitney M. Dupree
Spire Law, LLC
2572 W. State Road 426, Ste. 2088
Oviedo, Florida 32765
(407) 494-0135
whitney@spirelawfim.com

### III. Complaint and Answer filing dates:

Complaint was filed: June 25, 2021

Amended Complaint was filed: July 23, 2021

Answer was filed: August 31, 2021

### III. Discovery Deadlines:

#### A. Time for Discovery

The time for discovery in this case shall expire February 28, 2022, that being no more than 180 days after the submission of Defendants' Answer to the Court.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

#### B. Scope of Discovery

The parties intend to conduct discovery into the following non-exhaustive list of topics:

The hours, per week, Plaintiff worked for Defendants;

The amount of compensation received by Plaintiff from Defendants; and

Whether there is a class of individuals who worked for defendants who are similarly situated to Plaintiff in regards to Plaintiff's overtime claims.

### C. Electronically Stored Information

A substantial portion of discovery in this matter will be electronic, including, but not limited to timesheets and paystubs, kept by Defendants that reflect the hours worked by Plaintiffs. The parties intend to streamline the production of these documents (i.e., limit the production in temporal scope and by subject matter and/or keywords), and will inform the Court if any issues arise in their production.

### D. Privilege Claims

To the extent any issue regarding privilege or protection arises, the parties will attempt to resolve any such issue before requesting assistance from the Court, including, but not limited to, the entry of a Protective Order in this matter.

### E. Witnesses to be Deposed

*By Plaintiff:*

Current and former employees of Defendants with knowledge of Defendants' pay practices and policies; the addresses of these employees are in Defendants' possession;

Company (30(b)(6)) representative(s) for Defendant Jorge's Tire Repair, LLC; and

Defendant Jorge's Tire Repair, LLC's owner(s) and operator(s).

*By Defendants:*

Plaintiff Christopher Cummings.

**F. Expert Witnesses**

    **1. Designation of Experts**

The Plaintiff must disclose the identity of any expert witness on or before November 29, 2021, that being no more than 90 days after the submission of Defendants' Answer to the Court.

The Defendant must disclose the identity of any expert witness on or before December 29, 2021, that being no more than 120 days after the submission of Defendants' Answer to the Court.

    **2. Expert Reports**

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before February 7, 2022, that being no more than 160 days after the submission of the Defendants' Answer to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

**G. Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

### H. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Kim Tavalero, Courtroom Deputy (478) 752-0717 to request a telephone conference with the Court.

## IV. Time for Filing Motions:

### A. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than November 1, 2021, that being no more than 60 days after the submission of Defendants' Answer.

### B. Dispositive Motions

All dispositive motions must be filed no later than March 30, 2022, that being no more than 30 days after the expiration of discovery in this case.

### C. *Daubert* Motions

All *Daubert* motions must be filed no later than March 30, 2022, that being no more than 30 days after the expiration of discovery in this case.

## V. Certification of the Parties and Counsel:

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 13th day of October, 2021.

| /s/ Tyler B. Kaspers | /s/ Whitney M. DuPree |
|---|---|
| Tyler B. Kaspers | Whitney M. DuPree |
| The Kaspers Firm, LLC | Spire Law, LLC |
| 152 New Street, Suite 109B | 2572 W. State Road 426, Suite 2088 |
| Macon, Georgia  31201 | Oviedo, Florida  32765 |
| (404) 944-3128 | (407) 494-0135 |
| tyler@kaspersfirm.com | whitney@spirelawfim.com |
| Counsel for Plaintiff(s) | Counsel for Defendant(s) |

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this 14th day of October, 2021.

S/ Marc T. Treadwell
_____
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT